## In re CITY OF SEATTLE.

### No. 20601.

District Court, W. D. Washington, N. D.
Dec. 23, 1931.

A. C. VanSoelen, Corporation Counsel, and John E. Sanders, Asst. Corporation Counsel, both of Seattle, Wash., for petitioner.

Byers & Byers and A. J. Westberg, all of Seattle, Wash., for defendant Washington Land Co.

NETERER, District Judge.

Petitioner seeks to appropriate for public use lands of various claimants by a proceeding in the state court. Many claimants, with many descriptions of property, are set out. Many of them have appeared in the state court. The Washington Land Company, a foreign corporation, filed a petition for removal on the ground of diversity of citizenship, and setting forth jurisdictional facts. The petitioner has moved to remand on the ground that the controversy is not wholly between citizens of different states, that no separable controversy in contemplation of the act appears, and that the record shows that the defendant, the Washington Land Company, a Nevada corporation, did not commence proceeding for removal within the time allowed to move, demur, or plead to the petition under the provisions of sections 9219, 9221, 9222, and 9223, Rem. Comp. Stat. of Washington, 1922.

The proof shows that summons, together with copy of the petition, was served in King county, Wash., "upon the Washington Land Company, a Nevada corporation, by delivering to and leaving with one J. W. Wheeler, its president, on September 30, 1931." Respondent was required to move or plead within 20 days, or not later than October 21, 1931.

The jurisdiction of the state court attached to the petitioner in removal, when the proof was filed. Upon the record the time to remove expired October 21, 1931. The bond was filed with the petition in removal and order of removal entered October 31. On that day the jurisdiction of the state court ended, if it had the power to act, and the jurisdiction of this court attached. The stipulation filed in the state court November 1, 1931, could not enlarge the time to appear for removal purposes and relate back to the time of the order of removal. Nor did the filing of an affidavit in the state court November 17, following, challenging the service on the petitioning company have such function. The record in this court must be taken as true until set aside, and no motion for such purpose was made in this court, nor in the state court, and, respondent having appeared by the stipulation filed November 1, 1931, in the state court, the motion to remand must be granted.